Shea, Administratrix, Respondent, vs. Cody, imp., Appel-
lant.

*November 11—December 7, 1926.*

*Dower: Conveyance of interest of insane wife in husband's lands:
Security for wife's support: Absolute or conditional obliga-
tion: Wills: Intention of testator devising lands subject to
mortgage.*

1. A note and mortgage payable to an insane wife, given by order
   of court when the husband was permitted to convey land and
   his wife's dower interest in a proceeding under secs. 235.30
   to 235.32, Stats., are *held* to have been given for security only
   and not as an absolute obligation. p. 441.
2. The mortgagor, who devised land to a son with a provision
   that he pay such mortgage, is *held* to have intended that the
   son should only assume the testator's obligation to support
   the wife, whom he also made a residuary legatee; and upon
   the death of the wife, if there is nothing due to any one for
   her support, the mortgage cannot be foreclosed in an action
   brought by the administratrix of her estate. p. 442.

Appeal from a judgment of the county court of Iowa
county: Aldro Jenks, Judge. *Reversed.*

Action to foreclose a mortgage given under these circum-
stances: William S. Cody, Sr., desired to convey certain
real estate which he owned. His wife was and for many
years had been insane and it became necessary to petition the
court under the provisions of secs. 235.30, 235.31, and
235.32, Stats., for leave to sell and to give security as pro-
vided in such sections. Application to the court was duly
made and the court entered an order providing that William
S. Cody, Sr., could convey the real estate and his wife's
dower interest on condition that he gave a mortgage in the
sum of $1,200 payable to his wife in two years. The order
recited that "said William S. Cody, Sr., shall secure the sum
of $1,200 for the support and maintenance of his said insane

wife during her life by executing a mortgage in said sum to said Mary Cody payable in two years after date, with interest at the rate of 5 % per annum, on the following real estate" (describing it).

Later the note and mortgage were filed in the office of the clerk of the county court of Iowa county, and an order to convey dower was entered. William S. Cody, Sr., died testate November 3, 1918. He devised to his son *William,* the defendant, the mortgaged premises "subject to the dower and homestead rights of my wife Mary Cody." The will further stated: "The above devise is upon the express condition that said *William Cody* assume and pay the mortgage on said premises in the sum of $1,200 to my said wife Mary Cody." Mary Cody was made a residuary legatee in her husband's will. She lived with and was cared for by the defendant from the time of the death of her husband November 3, 1918, until her death March 12, 1922. The defendant was appointed guardian of his mother, and some reference to his guardian's account is made, but we do not deem that material to the questions presented by the appeal. The defendant accepted the devises under his father's will, and the judgment vesting him with title was made conditional upon his complying with the terms of the devise. The county court found the note and mortgage in question to be absolute and entered the usual judgment of foreclosure. The defendant contends the note and mortgage were given as security for the support of his mother during her lifetime, and that, such support having been given, the instruments were of no further force and effect. To test the correctness of the conclusions reached by the county court the defendant appealed.

For the appellant there was a brief by *Platt Whitman* of Highland, attorney, and *Thomas M. Priestley* of Madison, of counsel, and oral argument by *Mr. Priestley.*

For the respondent there was a brief by *Hill, Thomann & Beckwith* of Madison, and oral argument by *Mr. Beckwith*.

VINJE, C. J.    Two questions are presented by the appeal: First, Did the note and mortgage constitute absolute instruments for the payment of $1,200 as therein provided? and second, If not, are they extinguished by the fact that the insane wife secured her support through her husband and the defendant?    The answer to the first question depends upon the effect and object of secs. 235.30, 235.31, and 235.32, Stats., especially the latter.    The first two sections relate to the procedure to be taken upon a petition for leave to release the dower of an insane wife and are not in question here. The last section is the one involved.    It provides in part:

"(2) Upon the hearing of such petition the proofs shall in all cases be produced in open court; and if it shall appear that such wife is insane, and that the application is made in good faith, and that it will be for her benefit to grant the prayer of said petition, the court shall make an order directing the petitioner or such other person as the court shall designate to execute in the name of such wife deeds of release to the proper parties of the dower or homestead right of such wife in or to any lands sold or to be sold, mortgaged or conveyed by such husband during her insanity, describing such lands in such order; provided, the court shall, as a condition of granting such order, require that there shall be secured, in such manner as the court shall direct, upon the estate of such husband, or out of the proceeds of the sales of such real estate, or by bond with sufficient sureties, conditioned for the support and maintenance of such wife, such sum for the use and benefit of such wife during her life as the court shall under all the circumstances deem just, regard being had to the station and condition in life of the said husband and wife."

It is clear from the above proviso that the value of the dower is not sought to be admeasured, nor is any estate sought to be vested in the insane wife.    It is evident that the

Shea v. Cody, 191 Wis. 438.

primary purpose of the statute is to provide a fund or obligation which shall stand as security for the support of the wife during her lifetime. This is evidenced by the provision that a bond may be given, which confessedly would become *nudum pactum* upon a showing that the conditions thereof have been complied with. All that the statute contemplates is security for the support of the insane wife, and when that is given in a manner not contrary to the statute and it is shown that the wife has had support the security is released. There is no indication in the statutory language that an estate for the insane wife should be created. On the contrary, the language plainly provides for such a sum by way of security "for the use and benefit of such wife . . . as the court shall under all the circumstances deem just, regard being had to the station and condition in life of the said husband and wife." The last clause effectively rebuts the idea that the value of the dower is sought to be measured, for in that case the station and condition in life would be immaterial. The age of the parties and the value of the real estate to be conveyed would be the dominant factors. So we reach the conclusion that the note and mortgage were given as security only, and were not absolute obligations.

The question arises whether the defendant, by accepting the devise of the mortgaged premises with the condition expressed in the will that he should pay the $1,200 mortgage, became liable for its payment in full or only liable for the duty that rested upon the husband mortgagor, namely, to provide support for the wife during her life. The solution of this question is not entirely clear. Taking the language of the will literally, it says payment in full, but it seems more reasonable to suppose that the testator intended merely to transfer his obligation to his son, and that the force and effect of the mortgage as given should continue. As before stated, we find no intent in the statute for the creation of

an estate for the insane wife, and we are led to the conclusion that all the testator intended was to devolve only the statutory obligation upon his son. By so doing he satisfied the statutory requirements, and he made other provision for his wife in his will by making her a residuary legatee.

It is claimed by the defendant that there is nothing due any one for the support of his mother. This is denied by the respondent. We cannot determine that fact upon the record before us. If the defendant is indebted to some one for the support of his mother, the mortgage in question may be security for the payment of that indebtedness, a question we do not now determine. But the judgment of foreclosure and for a deficiency must be set aside and the cause remanded for further proceedings not inconsistent with this opinion.

*By the Court.*—It is so ordered.